NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

MAR 28 2018

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| CRYSTAL L. FROST,<br><br>  Plaintiff-Appellant,<br><br>  v.<br><br>NANCY A. BERRYHILL, Acting Commissioner Social Security,<br><br>  Defendant-Appellee. | No.    16-35077<br><br>D.C. No. 3:15-cv-05041-JPD<br><br>MEMORANDUM* |

Appeal from the United States District Court
for the Western District of Washington
James P. Donohue, Magistrate Judge, Presiding

Submitted March 27, 2018**

Before:  FARRIS, CANBY and LEAVY, Circuit Judges.

Crystal Frost appeals the district court's decision affirming the

Commissioner of Social Security's denial of Frost's application for social security

supplemental security income under Title XVI of the Social Security Act.  We

---

\*      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*      The panel unanimously concludes this case is suitable for decision without oral argument.  See Fed. R. App. P. 34(a)(2).

have jurisdiction under 28 U.S.C. § 1291. We review de novo, *Ghanim v. Colvin*, 736 F.3d 1154, 1159 (9th Cir. 2014), and we affirm.

The ALJ gave the following specific and legitimate reasons for assigning little weight to the opinions of Drs. Krueger, Norris, and Wingate: (1) they largely based their opinions on Frost's self-reported symptoms, which the ALJ did not find entirely credible because they each had a only brief snapshot of her behavior during the evaluation; (2) their opinions are internally inconsistent because Frost's mental status examinations did not display any evidence of hallucinations or delusional thoughts; and (3) their opinions lacked objective findings in support of the marked degree of limitations noted. *Morgan v. Comm'r of Soc. Sec. Admin.*, 169 F.3d 595, 602-03 (9th Cir. 1999) (upholding ALJ's discounting results of psychological testing conducted by examining psychologist in part because claimant was "not entirely credible"). *Lester v. Chater*, 81 F.3d 821, 830-31 (9th Cir. 1995). *Bayliss v. Barnhart*, 427 F.3d 1211, 1216 (9th Cir. 2005) (holding that an ALJ may cite internal inconsistencies in a physician's opinion). *Batson v. Comm'r Soc. Sec. Admin.*, 359 F.3d 1190, 1195 (9th Cir. 2004) (ALJ need not accept opinion of even treating physician if it is inadequately supported). The ALJ erred in noting that Frost had an incentive to overstate her symptoms because the purpose of the examinations was to determine her eligibility for state assistance, but the error is harmless because the ALJ cited other specific, legitimate reasons

2                                                                16-35077

supported by substantial evidence to reject these opinions. *See, e.g., Parra v. Astrue*, 481 F.3d 742, 747 (9th Cir. 2007).

The ALJ gave the following specific and legitimate reasons for assigning little weight to the opinion of Dr. Lemberg because: (1) the record of Frost's friendships and ability to go to public places such as the grocery store tend to undermine Dr. Lemberg's opinion that Frost could not leave her home to go into public situations and she would have difficulty interacting with coworkers and the public; and (2) Dr. Lemberg relied heavily on Frost's less than credible self-reports because she only examined Frost once and did not have the entire record at the time that she gave her opinion but instead relied on Frost's statements made in a function report and one of another examining psychologist's opinions that the ALJ discounted. *Bayliss*, 427 F.3d at 1217; *Rollins v. Massanari*, 261 F.3d 853, 856 (9th Cir. 2001) (holding an ALJ may reject an opinion when the physician sets forth restrictions that "appear to be inconsistent with the level of activity that [the claimant] engaged in").

The ALJ gave germane reasons for discounting Ms. Crisp's opinion because her opinion was inconsistent with the notes that she cites in support of her opinion, she did not include objective notes to support the indicated limitations, and she appeared to rely heavily on Frost's subjective reports. *Molina v. Astrue*, 674 F.3d 1104, 1111 (9th Cir. 2012) (holding that the ALJ gave germane reasons to discount

16-35077

non-acceptable medical source where opinion failed to provide supporting reasoning or clinical findings). The ALJ erred in using Frost's work history to discount Ms. Crisp's opinion. Nonetheless, this was harmless error in light of the ALJ's germane reasons for rejecting Ms. Crisp's opinion. *Molina*, 674 F.3d at 1121.

The ALJ properly gave little weight to Dr. Sattar's GAF score given Frost's self-reported activities and her presentation on the mental status exam that he administered. *Garrison v. Colvin*, 759 F.3d 1002 n.4 (9th Cir. 2014) (holding that while GAF scores may be a "useful measurement," standing alone, they "do not control determinations of whether a person's mental impairments rise to the level of a disability (or interact with physical impairments to create a disability)"). *Batson,* 359 F.3d at 1195 (an ALJ may properly reject a physician's opinion that is unsupported by objective medical findings). *Tommasetti v. Astrue*, 533 F.3d 1035, 1041 (9th Cir. 2008) (adjudicator may reject an opinion on the ground it is inconsistent with the claimant's daily activities).

The ALJ properly gave significant weight to the state agency psychologists' opinions and found that they were consistent with Frost's performance on mental status exams over her longitudinal history. *Bray v. Comm'r of SSA,* 554 F.3d 1219, 1227-28 (9th Cir. 2009) (upholding RFC determination when ALJ relied on state-agency physician's opinion over that of treating physician).

16-35077

Frost summarizes other medical records, but she does not identify any error. Accordingly, this Court need not address this undeveloped argument. *Carmickle v. Comm'r Soc. Sec. Admin.*, 533 F.3d 1155, 1161 n.2 (9th Cir. 2008) (holding that this Court need not address arguments that were not argued with any specificity); *Indep. Towers of Wash. v. Washington*, 350 F.3d 925, 929-30 (9th Cir. 2003) (holding that this Court "has repeatedly admonished that we cannot 'manufacture arguments for appellant'" and will only review "issues which are argued specifically and distinctly in a party's opening brief.")

Contrary to Frost's argument, the ALJ had no duty to develop the record because the record was adequate for evaluation of the evidence. *Mayes v. Massanari*, 276 F.3d 453, 459-60 (9th Cir. 2001).

The ALJ identified specific, clear and convincing reasons that are supported by substantial evidence for discounting Frost's testimony regarding the debilitating effects of her symptoms: (1) she did not engage in consistent treatment; (2) her complaints were inconsistent with her activities of daily living; (3) she made inconsistent statements; (4) her allegations are not consistent with the record; and (5) she appears unmotivated to work. *See Rollins v. Massanari*, 261 F.3d 853, 860 (9th Cir. 2001) ("an unexplained, or inadequately explained, failure to seek treatment or follow a prescribed course of treatment" may negatively affect a

16-35077

claimant's credibility determination); *Molina*, 674 F.3d at 1121 (listing among proper considerations for credibility assessment an engagement in activities of daily living that are inconsistent with the alleged symptoms); *Orn v. Astrue*, 495 F.3d 625, 636 (9th Cir. 2007) (finding that ALJ may consider inconsistencies in testimony in weighing a claimant's credibility); *Burch v. Barnhart*, 400 F.3d 676, 680 (9th Cir. 2005) (holding that an ALJ can consider a lack of supporting medical evidence when assessing credibility); *Thomas v. Barnhart*, 278 F.3d 947, 959 (9th Cir. 2002) (affirming an ALJ's determination the claimant's little propensity to work "negatively affected her credibility regarding her inability to work"). The ALJ incorrectly discounted her testimony on the basis that she made inconsistent statements about her marital status because it does not relate to her medical impairments, but this was harmless error because she also made inconsistent statements regarding her symptoms. *See Batson,* 359 F.3d at 1197 (concluding that error was harmless even if the record did not support one of the ALJ's stated reasons for disbelieving a claimant's testimony).

The ALJ properly rejected the lay witness statements from Ms. Waters, Ms. Brown, and Ms. Johnson regarding Frost's limitations because they were inconsistent with Frost's mental status testing and activities of daily living. Inconsistency with medical evidence and activities of daily living are germane

6                                                      16-35077

reasons for discrediting lay witness testimony. *Bayliss*, 427 F.3d at 1218. The ALJ also gave a germane reason to discount their statements because they described physical impairments and exaggerated symptoms that were inconsistent with the record evidence and Frost's own testimony that her impairments are "mostly mental." Because Frost wrote in her disability appeal form that she only sees her friends "probably twice a year," the ALJ also reasonably inferred that her friends' statements lacked foundation. *Crane v. Shalala*, 76 F.3d 251, 254 (9th Cir. 1995) (holding that lay witnesses must have sufficient contact with a claimant during the relevant period to qualify as competent).

The ALJ properly rejected her roommate Mr. Sturdevant's statement because he claimed that Frost is afraid to leave the house and required reminders, yet he also described that she could perform independent self-care and go to the grocery store. *Carmickle*, 533 F.3d at 1163-64 (finding that inconsistency between claimant's activities and a lay witness statement is a germane reason to reject the lay testimony).

**AFFIRMED.**

16-35077